UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JAMES H. JONES AND KRISTI S. JONES | : | CIVIL ACTION NO.  12-1978 |
| VS. | : | JUDGE DONALD E. WALTER |
| ROBERT S. HERLIN, ET AL. | : | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Before the undersigned magistrate judge on reference from the District Court is a motion for more definite statement [doc. # 9] filed by defendants, Robert S. Herlin, NGS Sub Corp., and Evolution Petroleum Corporation.  For reasons set forth below, the motion is DENIED.[1]

I.   **Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides in relevant part that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. . . .

Fed.R.Civ.P. 12(e).

Rule 12(e) is not intended to be used as a vehicle for discovery or to frustrate Rule 8(a)(2)'s minimal pleading requirements by compelling plaintiff to amend his complaint when it otherwise suffices to withstand a motion to dismiss.  *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).  A pleading states a claim for relief when, *inter alia*, it contains a "short and

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Furthermore,

> a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citations omitted).

A complaint that does not plead any facts in support of the alleged injury, fails to provide adequate notice. *Id*. Nonetheless, no technical forms of pleading are required; rather, all pleadings must be construed so as to do justice. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14, 122 S. Ct. 992, 998 (2002) (citing rules since re-designated as Fed.R.Civ.P. 8(d)(1) and (e)). The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). Indeed, the complaint need not "correctly specify the legal theory" giving rise to the claim for relief. *Id*.

## II.     Plaintiffs' Complaint and Theories of Recovery

Plaintiffs, James H. Jones and Kristi S. Jones, husband and wife, filed their initial complaint on July 23, 2012, against Robert S. Herlin, Evolution Petroleum Corporation ("Evolution") and NGS SUB Corp. ("NGS"). On September 14, 2012, plaintiffs filed an Amended and Restated Complaint against the same defendants.

The court observes in this regard, that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346

(5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).  Here, plaintiffs' Amended and Restated Complaint does not refer to, or adopt plaintiffs' earlier pleading; thus, the sole complaint before the court is the Amended and Restated Complaint.  In addition, defendants' motion for more definite statement is directed towards the Amended and Restated Complaint.  For simplicity's sake, the court will refer to, and cite the Amended and Restated Complaint as "the complaint."

      a)      <u>Factual Allegations as Gleaned by the Court</u>

From October 2003 until January 2006, plaintiff James Jones was employed by NGS in oil and gas operations at NGS's Delhi Field, located in Richland Parish.  (Compl., ¶ 8).  During the relevant period, defendant, Robert S. Herlin, was the president of NGS and Jones's direct supervisor.  *Id.*, ¶ 9.

Until 2006, Jones was the owner of a 0.048119 overriding royalty interest in the production of the Holt-Bryant Unit of the Delhi Field ("Jones Override").  *Id.*, ¶ 20.  In late 2005, Herlin contacted Jones and offered to purchase the Jones Override.  *Id.*, ¶ 21.  *During that conversation*, Jones specifically asked Herlin why he wanted to purchase the Jones Override because, at that time, the Delhi Field was only producing about 100 barrels of oil per day.  *Id.*, ¶ 22.  Also, *during that conversation*, Jones directly asked Herlin whether there was any pending, ongoing, or foreseeable negotiations for the sale or redevelopment of the Delhi Field.  *Id.*, ¶ 23.  *Throughout that conversation*, Herlin denied the existence of same.  *Id.*, ¶ 24.  Instead, Herlin explained that he wished to obtain the Jones Override simply to "look good to" his stockholders.  *Id.*, ¶ 26.  In subsequent discussions, Herlin continued to deny any pending, ongoing, or foreseeable negotiations for the sale or redevelopment of the Delhi Field.  *Id.*, ¶ 27.

Jones later learned, however, that Herlin *did* have knowledge of an impending sale of NGS's interest in the Delhi Field.  In mid to late 2005, Herlin, in his capacity as president of

NGS, engaged in negotiations with Denbury Onshore, LLC ("Denbury") concerning the sale of NGS's interest in the Delhi Field. (Compl., ¶ 11). No later than late 2005, NGS and Denbury either were in final discussions, or had agreed in principal to the sale of NGS's 100 percent working interest in the Holt Bryant Unit of the Delhi Field to Denbury in exchange for the sum of $50 million cash, a 25% "let back" (after payout of revisionary working interest), plus Denbury's commitment to develop the Delhi Field by using enhanced oil recovery efforts. *Id.*, ¶ 12.

Furthermore, in late 2005 and/or 2006, reservoir engineers, commissioned by NGS and/or Denbury, forecasted that the proposed enhanced oil recovery efforts would result in a significant increase in production in the Delhi Field, which had estimated recoverable oil reserves of more than 30 million barrels. *Id.*, ¶¶ 14-15.

Jones apparently agreed to the sale of the Jones Override on or about January 31, 2006. *See* Compl., ¶¶ 28, 43-44. Unbeknownst to Jones, however, Herlin was privy to all of the information regarding the sale and development of the Delhi Field. *See* Compl., ¶¶ 27, 21, 16. It was not until October 14, 2011, that Jones became aware that Herlin's representations, denials, and omissions were false or misleading. *Id.*, ¶ 46. Had Herlin voluntarily disclosed or truthfully responded to Jones's inquiries, Jones would not have consented to the sale of the Jones Override. *Id.*, ¶ 28.

      b)    <u>Jones' Claims as Understood by the Court</u>

Jones contends that Herlin's acts and omissions establish a cause of action in his favor under Louisiana law. (Compl., ¶ 33). Fairly read, plaintiffs' complaint supports, at a minimum, claims for detrimental reliance, La. Civ. Code Art. 1967; malfeasance, intentional misrepresentation, and negligent misrepresentation, La. Civ. Code Art. 2315; rescission of the sale because Jones's consent was vitiated by error and/or fraud, La. Civ. Code Arts. 1948-58, 2029, 2033; and for unfair or deceptive acts or practices in violation of the Louisiana Unfair

Trade Practices Act ("LUTPA"), La. R.S. 51:1401, *et seq.*[2]

**III.    Defendants' Arguments and Analysis**

Defendants raise numerous challenges to the sufficiency of plaintiffs' pleading. The court will address each, in turn.

    a)    ¶ 32 is Vague, Threadbare, and Conclusory

Plaintiffs state in ¶ 32 that "Herlin's acts and omissions, *as detailed above*, establish [sic] cause of action in Jones' favor under Louisiana law." (Compl., ¶ 32) (emphasis added). If read in a vacuum, defendants might have a point. However, plaintiffs detail their claims in paragraphs 34-38 of the complaint. Moreover, paragraphs 34-38, specifically refer to the preceding factual development in paragraphs 5-32 by stating "as detailed above." While plaintiffs' complaint is not a model of clarity or organization, it does provide defendants with sufficient notice of their claims.

    b)    ¶¶ 34-38 are Conclusory Legal Labels that Fail to Set Forth Requisite Facts to Support the Elements of Plaintiffs' Claims

Again, if read in a vacuum, defendants are correct.. However, the factual allegations set forth in paragraphs 5-32 must be considered in conjunction with the legal theories set forth in paragraphs 34-38. The court observes that most, if not all of plaintiffs' theories of recovery are dependent upon the same set of facts.[3] While plaintiffs certainly could have been more precise in

---

[2] Albeit, unless plaintiffs may be deemed consumers or business competitors, they are not entitled to prosecute a private action under LUTPA. *Gardes Directional Drilling v. U.S. Turnkey Exploration Co.*, 98 F.3d 860, 868 (5th Cir. 1996).

[3] Defendants argue that because plaintiffs adopt wholesale portions of their prior complaint, their pleading constitutes a "shotgun complaint" that transgresses Rules 10(b) and/or (c). A "shotgun pleading," however, is one that sets forth an excessive number of facts, and then adopts them in conclusory fashion to a number of legal claims, with the result that each claim includes facts that are not material to that claim. *See Martin v. Tesoro Corp.*, 2:11 CV 1413, 2012 WL 1866841 (W.D. La. May 21, 2012) (Minaldi, J.). Here, in contrast, plaintiffs' factual allegations are modest in both scope and length. Moreover, most, if not all of the facts are

their drafting of the complaint, *e.g.*, by referencing or incorporating factual allegations by paragraph number, they are not required to clutter up their complaint by redundantly re-alleging all of the facts that support each claim.

Defendants also appear to protest plaintiffs' failure to specifically allege how defendants' conduct satisfies the required elements for each of their claims. The Rules, however, do not require plaintiffs to provide a conclusory recitation of the elements of their claims. In fact, they need not even correctly specify the legal theory that gives rise to their claim for relief. *Gilbert, supra*. In the absence of an argument demonstrating that a specific element(s) of a particular claim is missing, the court has no difficulty concluding that plaintiffs' factual allegations suffice to outline the elements of their various claims or to permit inferences to be drawn that these elements exist. *Beanal, supra*.

      c)      <u>Paragraphs 11, 12, 14, 21, and 35 Fail to Allege Fraud with Requisite Specificity</u>

Rule 9(b) requires that circumstances constituting fraud or mistake be alleged with particularity. Fed.R.Civ.P. 9(b). The particularity demanded by Rule 9(b) supplements Rule 8(a)'s pleading requirement. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Allegations of fraud under Louisiana law asserted in federal court implicate the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *Conerly Corp. v. Regions Bank*, 2008 WL 4975080 (E.D. La. Nov. 20, 2008). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). What constitutes sufficient particularity for Rule 9(b) varies with the facts of each case. *Guidry v. Bank of LaPlace*, 954

---

germane to each of the claims.

F.2d 278, 288 (5th Cir. 1992).  At a minimum, Rule 9(b) requires a plaintiff pleading fraud to "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-565 (5th Cir. 2002) (quoted sources and internal quotation marks omitted).  Nonetheless, the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Grubbs*, 565 F.3d at 190.

The court finds that plaintiff have satisfied the foregoing pleading requirements.  Plaintiffs allege that during an initial telephone conversation (the where), in late 2005 (the when), defendant, Herlin (who), misrepresented and/or failed to disclose that NGS was involved in pending, ongoing, or foreseeable negotiations for the sale and/or development of the Delhi Field (the what).  Plaintiffs further allege that Herlin knew that his representations and denials were false because Herlin was personally involved in the negotiations for the sale and development of the Delhi Field (the how).  Moreover, Herlin intended to mislead Jones because Herlin knew that plaintiff would not have sold the Jones Override if Herlin had accurately responded to Jones' inquiries (the why).

Defendants also take issue with plaintiffs' temporal allegations.  They contend that late 2005 and/or 2006 are too vague and ambiguous.  In their opposition, plaintiffs acknowledge that they set forth dates in general terms, but they stress that they cannot allege the dates with greater specificity because they do not possess that information.

While obviously it would have been preferable for plaintiffs to have alleged specific dates, the court realizes that these events transpired some seven years ago.  Moreover, plaintiffs' allegations of events are specific enough that defendants should be able to craft a responsive pleading.

      d)      <u>Paragraph 16 Insufficiently Alleges Herlin's Knowledge of "this information"</u>

Plaintiffs allege that "[u]pon information and belief, Herlin was privy to this information at all times hereto." (Compl., ¶ 16). Defendants contend that this paragraph violates Rule 8(a)(2) because it does not explain what "this information" refers to, and because "at all times hereto" could imply that "Herlin had *all* knowledge at *all* times."

Defendants' argument is not well-taken. It is manifest that paragraph 16 refers to the paragraphs that precede it. Also, it is plain that by stating "at all times hereto," plaintiffs meant to say "at all times pertinent hereto," *i.e.* at the time that Herlin allegedly failed to disclose the material information to plaintiff while seeking to purchase his overriding interest. Again, while plaintiffs' complaint is not a paragon of clarity, neither is it so vague or ambiguous that defendants cannot readily infer plaintiffs' meaning to a reasonable certainty.

      e)      <u>Paragraph 39 Violates Rules 8(a)(2) and 9(g)</u>

Plaintiffs allege that "Kristi S. Jones, by virtue of the community existing between Jones and herself, has been damaged to the same extent and degree sustained by James Jones." (Compl., ¶ 39). Defendants contend that the paragraph is conclusory. They emphasize that the complaint does not contain any facts to support a claim for general damages by either plaintiff. Moreover, under Rule 9(g), a claim for special damages must be specifically alleged.

Plaintiffs explain in response that as husband and wife, the Joneses enjoy the legal regime of community of acquets and gains. *See* La. Civ. Code Arts. 2334, *et seq*. Moreover, royalties from separate property of a spouse are considered community property by default. *See* La. Civ. Code Art. 2339. Here, plaintiffs seek to recover, *inter alia*, the fruits and benefits of the Jones Override as enjoyed by NGS (and now Evolution) since January 31, 2006. (Compl., ¶¶ 43-44). These additional provisions identify the special damages sought by plaintiffs.

Furthermore, although either spouse may sue to enforce a community right during the existence of the marital community, "[w]hen doubt exists whether the right sought to be enforced is a community right or is the separate right of the plaintiff spouse, that spouse may sue in the alternative to enforce the right." La. Code Civ. Pro. Art. 686. Thus, while both spouses may join in a suit, they will not be permitted to recover twice for the same damages.

    f)    <u>Paragraph 42 Fails to Set Forth the Elements of Any Claim Against Defendant, Evolution</u>

Plaintiffs allege that

> [u]pon information and belief, Evolution is the successor in interest of NGS by merger, sale, and/or acquisition and is currently in possession of the Jones Override and is enjoying the fruits of said ownership and therefore is vicariously responsible, to the same extent NGS was and is, for Herlin's acts and omissions, as plead above, under the doctrine of *Successor Corporation Liability* and/or *Respondeat Superior*.

Compl., ¶ 42. Defendants contend that not only does the foregoing paragraph fail to set forth the elements of any claim against Evolution, it also does not permit inferences to be drawn that elements of a claim exist.

The court observes, however, that although a corporation that acquires the assets of another corporation generally is *not* obligated for the liabilities of the corporation from which the assets are acquired, there are four exceptions to this rule:

    (1)    When the successor expressly or impliedly agrees to assume the liabilities of the predecessor;

    (2)    When the transaction may be considered a *de facto* merger;

    (3)    When the successor may be considered a "mere continuation" of the predecessor; or

    (4)    When the transaction was fraudulent.

*Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1175-76 (5th Cir. 1992) (citations omitted).

Here, of course, plaintiffs allege that there was a merger.

In addition, the determination of whether a successor is a "mere continuation" of the predecessor contemplates eight factors[4] that lie largely, if not exclusively within the purview of the defendant corporation.  As Magistrate Judge Hill noted in *Diamond Services Corp.*, if "further specific details were required to be specifically pled at this stage of the case, essentially no case of this type could ever survive a motion to dismiss, because the necessary facts would be in the sole possession of the defendant." *See Diamond Services Corp. v. Oceanografia, S.A.* 2011 WL 938785 (W.D. La. Feb. 9, 2011) (addressing whether plaintiff's complaint stated a claim against a defendant under a "single business enterprise" theory of recovery).  In the end, Magistrate Judge Hill drew on his judicial experience and common sense to conclude that the complaint stated a plausible claim for relief, sufficient to afford defendants fair notice of the claims against them, and a reasonable expectation that discovery would reveal relevant evidence of each of the elements of the claims. *Id*.  Plaintiffs' allegations against Evolution suffice to warrant the same outcome here.

    g)    <u>Paragraph 46 Fails to Explain How Jones Became Aware that Herlin's Statements Were False and Inaccurate</u>

Defendants contend that because the complaint asserts fraud, plaintiffs should be required to explain in their complaint how they became aware in October 2011 that Herlin's statements were false.  Defendants argue that plaintiffs' bare allegations prejudice their ability to file a motion to dismiss on the basis of prescription.

While the court appreciates defendants' natural interest in compelling plaintiffs to allege additional facts sufficient to plead themselves out of court, the cases that have required

---

[4] *See Russell, supra*.

amendment in this context only require amendment to set forth pertinent dates. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d Ed. 2012) (citing cases). Furthermore,

> assuming that it might be reasonable to insist that the plaintiff plead a little more than the rules require when there is strong reason to believe that a major issue in the case can readily be determined thereby, it is entirely inappropriate to require the plaintiff to state her claim for relief with great particularity simply on the off chance that the defendant might be able to unearth a dispositive threshold defense. Similarly, the plaintiff should not be required to replead with particularity simply to avoid problems that might never arise in the litigation or to further the defendant's presentation of his defenses against the merits of the claim. . . .
>
> Consequently, there should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense. This practice is not authorized by the language of the rule and experience has shown that a willingness to grant Rule 12(e) motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue definition or savings in time. A request for a more definite statement for either of these purposes should not be granted unless the movant shows that there actually is a substantial threshold question that may be dispositive, such as a critical date. In the absence of some restraint, the motion undoubtedly will be used by litigants as a vehicle for fishing expeditions at the pleading stage.

*Id.* (citations omitted).

In sum, the details that defendants seek are matters for discovery, not compulsory amendment of pleadings. Following discovery, defendants may file a motion for summary judgment, if the evidence so warrants.

        h)      <u>Plaintiffs' Complaint Fails to Connect the Dots</u>

This argument merely restates defendants' earlier arguments that plaintiffs' complaint fails to link their factual allegations to their theories of recovery. This argument is more appropriately limited to complex cases that contain voluminous facts and numerous theories of recovery. Here, in contrast, the facts are simple and straight forward, and equally applicable to most, if not all of the theories of recovery.

### IV.    Summation

The undersigned finds that defendants have adequate notice of the circumstances giving rise to plaintiffs' claims, with sufficient information outlining the elements of each claim, such as to permit them to file a responsive pleading. *See Beanal, supra.*[5] The more specific details that movants seek remain a matter for conventional discovery devices. Accordingly,

IT IS ORDERED that defendants' motion for more definite statement, Fed.R.Civ.P. 12(e), [doc. # 9] is hereby DENIED.[6]

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 6th day of March 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[5] Especially now that the court has assisted the parties by interpreting and clarifying the allegations in the complaint.

[6] Nevertheless, because plaintiffs failed to properly allege diversity jurisdiction, the court, by separate order, will require plaintiffs to amend their complaint to remedy the deficient jurisdictional allegations.