RECEIVED
JUL 14 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JAMES H. JONES AND KRISTI S. JONES | CIVIL ACTION NO: 12-1978 |
| VERSUS | JUDGE DONALD E. WALTER |
| ROBERT S. HERLIN, NGS SUB CORP., and EVOLUTION PETROLEUM CORP. | MAGISTRATE JUDGE HAYES |

### ORDER

Before the Court is Defendants' Motion for Reconsideration of Defendants' Rule 12(b)(6) Motion to Dismiss. [Doc. 34]. Specifically, Defendants want the Court to reconsider its previous ruling regarding Plaintiffs' claims of fraud and contractual nullity. Plaintiffs oppose this motion. [Doc. 36]. Having considered the motion, the opposition, the record, and the applicable law, the Defendants' motion [Doc. 34] is hereby **DENIED**.

The Defendants do not handcuff their motion to reconsider to any specific rule; rather, it leaves this procedural detail to the Court's speculation. "While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir.2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir, 1998)). However, Rules 59(e) and 60(b) do not contemplate reconsideration of interlocutory orders. *Leong v. Cellco P'ship*, CIV.A. 12-0711, 2013 WL 4009320 (W.D. La. July 31, 2013). A district court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other

1

decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... before the entry of judgment." FED.R.CIV.P. 54(b). The Court possesses the inherent procedural power to reconsider an interlocutory order for any reason it deems sufficient. *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726-28 (5th Cir.2012).

The general practice of courts in our district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See Leong*, 2013 WL 4009320. The Rule 59(e) standards are particularly illustrative for assessing this motion because the motion clearly calls into question the correctness of this Court's prior ruling. This Court has broad discretion in deciding such motions to reconsider. *Templet v. HydroChem Inc.*, 367 F.3d 473, 482-83 (5th Cir. 2004). A Rule 59(e) motion to reconsider should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004). In the present case, there has been no intervening change of law. Moreover, Defendants have not produced any evidence that was not previously available but simply restate prior arguments. Further, Defendants have not shown that this Court made a clear error of law that would result in a manifest injustice. *Id.* This Court also duly notes that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

To reiterate: the Court closely considered the memoranda of the parties, the pleadings, and the applicable law before issuing a ruling that thoroughly discussed the sufficiency of each of

Plaintiffs' claims, including the remaining claims that form the basis of this motion. In their motion for reconsideration, Defendants raise issues that have been (or should have been) previously raised concerning the motion to dismiss. As this Court previously concluded, Plaintiffs have sufficiently alleged the remaining claims. At this juncture, the Plaintiffs are not required to prove them. Defendants will have ample opportunity, following discovery, to reassert their arguments in subsequent dispositive motions. Accordingly, reconsideration is not necessary or appropriate.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the _11_ day of July, 2014.

*[signature]*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE